**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
ROGER D. MOORE,               :
                              :  Civil Action No. 10-2780 (RBK)
        Petitioner,           :
                              :
    v.                        :      O P I N I O N
                              :
WARDEN, Federal Correctional  :
Institution, Fort Dix,        :
                              :
        Respondent.           :
_____:

**APPEARANCES:**

Roger D. Moore, Pro Se
#55386-060
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

**KUGLER**, District Judge

Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. For the following reasons, the Court will dismiss the petition for lack of jurisdiction, and grant Petitioner leave to open a civil case under the Declaratory Judgments Act, 28 U.S.C. § 2201.

**BACKGROUND**

Petitioner filed this "Emergency Petition for a Writ of Habeas Corpus, Pursuant to 28 U.S.C. § 2241, and by Federal Civil Rule 65(A) Requesting Preliminary Injunction." He asks for a declaratory judgment and injunction against Respondent "to cease

the actions which have and continue to infringe the Petitioner's Constitutional rights . . . ." (Pet., p. 1). In particular, Petitioner alleges that Respondent and the mail room staff have violated his First Amendment rights "by a past and ongoing pattern of opening, reading and withholding delivery of Petitioner's incoming legal mail . . . " (Pet., p. 2). He states that he was harmed with "actual injury" due to this problem (Pet., p. 2), and that Respondent and mail room staff, "by repeatedly opening his legal and court mail outside of his presence, have violated his rights to confidential and uncensored and/or unwithheld communications and violated his rights protected by the First and Fifth Amendments of the Constitution." (Pet., p. 13).

Petitioner points out that he is not attacking the Bureau of Prisons ("BOP") policy of handling inmate mail, nor the specific authority of BOP employees to open the mail in his presence. (Pet., pp. 12-13). Petitioner cites to specific examples in his Petition of instances where legal mail was opened outside of his presence, and outlines the administrative remedies he has filed.

### DISCUSSION

**A.   Standard of Review**

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation

of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2241(c)(3).

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

**B.   The Petition Will Be Dismissed for Lack of Jurisdiction.**

Here, Petitioner does not challenge his federal conviction. Nor does he challenge the fact or length of his sentence. Thus,

because "no matter what the outcome of [Petitioner's] habeas petition, neither the fact nor the length of his incarceration will be affected," habeas relief is unavailable to Petitioner. See Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, Petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected Petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of Petitioner's incarceration would not be affected. See id. at 554.

Also, in Jamieson v. Robinson, the Court of Appeals for the Third Circuit followed United States Supreme Court precedent in Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), to note that

the district court was incorrect in finding that Petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, F.2d 138, 141 (3d Cir. 1981).  The Court held that the relief requested by Petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  Id.

Likewise, in Sinde v. Gerlinski, the district court found that claims concerning the number of telephone calls a prisoner is permitted to make relate to the conditions of prison life, and should be raised by a civil rights action, not in a habeas petition.  See 252 F. Supp.2d 144, 148 (M.D. Pa. 2003)(citing Leamer, 288 F.3d at 541).

In the instant habeas petition, because Petitioner's claims concern conditions of prison life, not the fact or duration of his incarceration, they are more properly brought in an action under the Declaratory Judgments Act,  28 U.S.C. §§ 2201-2202.

Therefore, this case will be closed.  However, this Court will direct that the Clerk of the Court create a new case, founded in the Declaratory Judgments Act, and grant Petitioner 30 days to file the appropriate fee or in forma pauperis application, if he wishes to proceed with his case as a civil action under the Declaratory Judgments Act.  If Petitioner wishes to proceed as such, he would be subject to the $350.00 filing fee

5

or may apply to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.  Petitioner's action would also be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b).

## CONCLUSION

Based upon the foregoing, this case will be dismissed for lack of jurisdiction.  However, the Clerk of the Court will be ordered to open a new, civil case for Petitioner, and Petitioner will be granted leave to proceed with his claims in a civil action.  An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: March 4, 2011